BAILEY, APPELLEE, *v.* KEATON, APPELLANT.

(No. 922—Decided April 30, 1957.)

*Messrs. Andrews, Edwards & Klein,* for appellant.
*Messrs. Riley & Riley,* for appellee.

COLLIER, P. J. This appeal on questions of law is directed to a judgment of the Common Pleas Court of Lawrence County, entered on the verdict of the jury in a bastardy case, finding the defendant guilty.

The three assignments of error are:

(1) That the verdict was manifestly against the weight of the evidence.

(2) That the verdict was directly contrary to the medical evidence in the case.

(3) That the court erred in overruling defendant's motion for a new trial.

An examination of the record discloses that the evidence, as usual in a case of this kind, is very conflicting. A physician appointed by the court made three blood tests of the complainant, the child and the defendant. The physician testified that the first two tests showed that the defendant could not be the father of the child and the third test showed he could be the father of the child.

When the evidence is conflicting it is within the province of the jury to pass upon the credibility of the witnesses and also to determine the facts in the case.

When the evidence is sufficient to support a verdict a reviewing court has no right to invade the province of the jury and may not substitute its judgment for that of the jury. Both assignments of error are overruled.

Under the third assignment of error the defendant claims that one of the jurors was disqualified as a fair and impartial juror and that this same juror was guilty of misconduct during the trial. The jury was composed of eleven men and one woman The woman was selected as forelady of the jury. It appears in the records by affidavits that this woman juror, sometime prior to the trial of the instant case, was a complainant in a bastardy case in the Municipal Court of the City of Ironton and, at the time of the trial, was receiving payments for the support of her illegitimate child; that this fact was unknown to counsel for the defendant until after the trial; that on the voir dire examination counsel for defendant inquired of each juror whether there was any reason why he or she could not hear the evidence and determine the cause as fair

and impartial jurors and that this woman juror remained silent.

It also appears by affidavits that during an intermission in the trial the maternal grandmother of the child whose parentage was in question suffered a heart attack and that this woman juror washed the grandmother's face and held the child of the complainant while the grandmother was receiving aid and assistance from other persons. These facts are not disputed in the record.

Defendant contends that by reason of the recent similar experience of this juror, having given birth to a bastard child followed by litigation in a bastardy proceeding, said juror could not avoid being influenced, biased and prejudiced against the defendant. Secondly, the conduct of the juror in rendering aid to the maternal grandmother, holding the child, contacting and conversing with members of complainant's family during the trial, was certain to affect her judgment and influence her verdict.

The question posed is whether the prior experience and conduct of the juror, as above set forth, are sufficient to have influenced the juror to such an extent that it may reasonably be inferred that the defendant did not have a fair and impartial trial. Only nine jurors signed the verdict, including the woman juror.

In *Armleder* v. *Lieberman,* 33 Ohio St., 77, 31 Am. Rep., 530, it is held:

"Where there has been irregularity or misconduct on the part of the jury, which might affect its judgment, or improperly influence the verdict, a new trial should be granted."

The following statement is taken from 24 Ohio Jurisprudence, 196, Section 72:

"The right of trial by jury guaranteed by the Constitution carries with it by necessary implication the right to a trial by a jury composed of unbiased and unprejudiced persons, and all courts are charged with the imperative duty of affording every litigant an opportunity of having his cause tried by an impartial jury."

And 31 American Jurisprudence, 664, Section 143, reads in part:

"It is the intent of the law 'that a juror shall come to the consideration of the case unaffected by any previous judgment, opinion or bias, either as respects the parties or the subject matter in controversy.'"

The question as to what degree of misconduct or irregularity of a jury is sufficient to require a court to grant a new trial has been the subject of much discussion. There are numerous reported cases on the subject but none are cited and we have been unable to find a case directly in point with the case at bar. However, after a careful examination of the entire record and a full consideration of all the facts and circumstances, we are of the opinion that the defendant did not have a fair and impartial trial; that the woman juror was disqualified to sit as a fair and impartial juror by reason of her prior similar experience to that of the complainant; that the conduct of the juror during the trial might well have affected her judgment and influenced her verdict; and that, therefore, the motion for a new trial should have been granted. For these reasons, the judgment of the trial court is reversed and this cause is remanded to the Common Pleas Court of Lawrence County for a new trial.

*Judgment reversed and cause remanded.*

GILLEN, J., concurs.